**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION**

**CHAPTER 13 PLAN - MODIFIED**
**AND RELATED MOTIONS**

Name of Debtor(s):   **Cedric Eugene Price**
                    **Catrecia Lavonya Price**                    Case No:  **13-73637-FJS**

This plan, dated  **May 16, 2014**  , is:

☐ the *first* Chapter 13 plan filed in this case.
■ a modified Plan, which replaces the
   ■ confirmed or ☐ unconfirmed Plan dated **10/10/13**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**Tuesday, July 8, 2014 @ 10:00 a.m.**
Place of <u>Modified Plan</u> Confirmation Hearing:
**600 Granby St., 4th Floor, Courtroom 2, Norfolk, VA**

The Plan provisions modified by this filing are:
**1: Modify Funding; 3-B Surrender secured debts to M&A Financial and United Consumer Financial**

Creditors affected by this modification are:
**M&A Financial and United Consumer Financial**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$30,064.48**
Total Non-Priority Unsecured Debt: **$83,193.13**
Total Priority Debt: **$836.53**
Total Secured Debt: **$26,525.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$845.00 Monthly for 5 months, then $970.00 Monthly for 2 months, then $670.00 Monthly for 52 months**. Other payments to the Trustee are as follows:   __NONE__   . The total amount to be paid into the plan is $__41,005.00__ .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.   **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $__2,800.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B.   **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **City of Virginia Beach** | **Taxes and certain other debts** | 673.53 | Prorata 21 months |
| **Internal Revenue Service** | **Taxes and certain other debts** | 1.00 | Prorata 21 months |
| **Internal Revenue Service** | **Taxes and certain other debts** | 1.00 | Prorata 21 months |
| **North Carolina Dept. of Rev.** | **Taxes and certain other debts** | 160.00 | Prorata 21 months |
| **Virginia Department of Taxatio** | **Taxes and certain other debts** | 1.00 | Prorata 21 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.   **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Grand Furniture Discount Store** | **Grand Furniture- bed, 2 dressers, night stand** | 2011 | 2,574.78 | 1,800.00 |

B.   **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---:|---:|
| **M & A Financial** | **Motor Vehicle-2002 Honda Accord with 168634K miles** | **4,925.00** | **7,128.00** |
| **United Consumer Financial** | **Vaccum cleaner** | **1,000.00** | **1,379.00** |

C.   **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---:|---|
| **Chase Auto Finance Corp** | **Motor Vehicle-2013 Mazda 6 with 11687k Miles** | **280.00** | **Trustee** |
| **Grand Furniture Discount Store** | **Grand Furniture- bed, 2 dressers, night stand** | **20.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.   **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---:|---:|---:|
| **Chase Auto Finance Corp** | **Motor Vehicle-2013 Mazda 6 with 11687k Miles** | **27,090.31** | **4.25%** | **525.00**<br>**58 months** |
| **Grand Furniture Discount Store** | **Grand Furniture- bed, 2 dressers, night stand** | **1,800.00** | **4.25%** | **35.00**<br>**57 months** |

E.   **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.   **Unsecured Claims.**

A.   **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **2** %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately **0** %.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.** **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.**    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **B.**    **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**6.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **Verizon Communications Inc** | **Home tv, telephone, internet contract- REJECT** |

    **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **AT&T** | **Executory contract** | **0.00** | | **0 months** |
| **Remax Alliance** | **Lease** | **0.00** | | **0 months** |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**7.    Liens Which Debtor(s) Seek to Avoid.**

   A.    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B.    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.    Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.    Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.    Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                     Best Case Bankruptcy

**11.** **Other provisions of this plan:**
**I. Request for Reimbursement of Expenses Through Plan**
**In addition to the attorney fees requested for payment in the Statement of Compensation filed with the Court and in paragraph 2.A.2. of this Plan, Boleman Law Firm, P.C. requests reimbursement of actual and necessary expenses through the Plan. Pursuant to Standing Order 08-1, such expenses shall not exceed $300.00 unless a formal application is filed with and approved by the Court. Boleman will submit a claim for payment of its expenses in a manner that is consistent with Standing Order 08-1 periodically throughout the case. Boleman reserves the right to submit its claim for expenses via a Proof of Claim filed with the Court.**

**Any funds paid by Debtor(s) to Boleman prior to the case filing are disclosed at paragraph 9 of the Statement of Financial Affairs and applied, if applicable, first to payment of Bankruptcy Court filing fee, then to the credit counseling briefing expense, circuit court homestead deed filing fee, 2-in-1 downloadable credit report, and finally to fees.**

**II.  Payment of Attorney Fees and Expenses - Except as provided in Paragraph 2.B., the claim for attorney fees and expenses shall be paid all funds available on first disbursement after confirmation of the plan, and until such claim for attorney fees and expenses is paid in full, except as reserved for adequate protection payments on allowed secured claims (if any), and trustee commissions.**

**III.  Payment of Adequate Protection**
**- All adequate protection payments set forth in Section 3.C are to be paid through the Trustee.**
**- The Debtor(s) shall pay regular post-petition contract payments to the creditors listed in Section 5.A., and such payments shall also constitute adequate protection payments to such creditors. Accordingly, the Trustee shall not pay adequate protection payments to creditors listed in Section 5.A.**
**- No adequate protection payments are to be paid to any creditors unless the Plan provides for the payment of adequate protection of such claim(s) through the Trustee in Section 3.C. or directly by the Debtor(s) in Section 5.A., or unless the Court orders otherwise.**

**Signatures:**

**Dated:** May 16, 2014

/s/ Cedric Eugene Price
**Cedric Eugene Price**
**Debtor**

/s/ Sarah Ramage Clarson VSB
**Sarah Ramage Clarson VSB 78953**
**Debtor's Attorney**

/s/ Catrecia Lavonya Price
**Catrecia Lavonya Price**
**Joint Debtor**

**Exhibits:**        Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with Plan

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                           Best Case Bankruptcy

Certificate of Service

I certify that on   **May 16, 2014**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Sarah Ramage Clarson VSB**
**Sarah Ramage Clarson VSB 78953**
Signature

**Convergence Center III**
**272 Bendix Road, Suite 130**
**Virginia Beach, VA 23452**
Address

**(757) 313-3000**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia - Norfolk Division

In re  **Cedric Eugene Price**
**Catrecia Lavonya Price**
Debtor(s)

Case No. **13-73637-FJS**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Grand Furniture / Sterling Church Street Furniture Store, Incorporated**
**c/o Craig L. Stein, Reg. Agent; 1305 Baker Road; Virginia Beach, VA 23455**
*Name of creditor*

**Grand Furniture- bed, 2 dressers, night stand**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **Not later than 7 days prior to Hearing** |
| Date and time of confirmation hearing: | **7/8/14 @ 10:00 a.m.** |
| Place of confirmation hearing: | **600 Granby St, 4th Floor, Room 2, Norfolk, VA** |

**Cedric Eugene Price**
**Catrecia Lavonya Price**
*Name(s) of debtor(s)*

By: **/s/ Sarah Ramage Clarson VSB**
**Sarah Ramage Clarson VSB 78953**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Sarah Ramage Clarson VSB 78953**
*Name of attorney for debtor(s)*
**Convergence Center III**
**272 Bendix Road, Suite 130**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

Tel. # **(757) 313-3000**
Fax # **(804) 358-8704**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **May 16, 2014**   .

    **/s/ Sarah Ramage Clarson VSB**
    **Sarah Ramage Clarson VSB 78953**
    *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

**B6I (Official Form 6I) (12/07)**

In re  **Cedric Eugene Price**
**Catrecia Lavonya Price**
Debtor(s)

Case No.  **13-73637-FJS**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - MODIFIED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): Son / Son / Daughter | AGE(S): 11 / 12 / 14 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Drill Instructor** | **Checker** |
| Name of Employer | **Commonwealth Challenge** | **Department of Defense** |
| How long employed | **6/2013** | **1/2011** |
| Address of Employer | **Integrity Staffing / 800 S. Military Highway / Virginia Beach, VA 23454** | **P.O. Box / London, KY 40742-7130** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 2,851.33 | $ 1,415.85 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 2,851.33 | $ 1,415.85 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ 546.00 | $ 182.82 |
|     b. Insurance | $ 8.67 | $ 5.85 |
|     c. Union dues | $ 0.00 | $ 0.00 |
|     d. Other (Specify): **TSP** | $ 85.54 | $ 39.72 |
|  | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 640.21 | $ 228.39 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,211.12 | $ 1,187.46 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 1,029.49 | $ 0.00 |
| 13. Other monthly income (Specify): **Federal & State Tax Refunds Amortized** | $ 0.00 | $ 250.00 |
|     **Va Waiver** | $ 130.94 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,160.43 | $ 250.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 3,371.55 | $ 1,437.46 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 4,809.01 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Mr. Price will start his new position on May 27 at 16.40 per hour for 40 hours a week. The taxes and insurance are estimated.**

**B6J (Official Form 6J) (12/07)**

In re **Cedric Eugene Price / Catrecia Lavonya Price**, Debtor(s)    Case No. **13-73637-FJS**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - MODIFIED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,250.00 |
| a. Are real estate taxes included?    Yes ___    No **X** | | |
| b. Is property insurance included?    Yes ___    No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | $ | 250.00 |
|                b. Water and sewer | $ | 82.00 |
|                c. Telephone | $ | 0.00 |
|                d. Other  **See Detailed Expense Attachment** | $ | 514.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 600.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 61.00 |
| 7. Medical and dental expenses | $ | 100.00 |
| 8. Transportation (not including car payments) | $ | 375.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 89.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 15.00 |
|    b. Life | $ | 0.00 |
|    c. Health | $ | 0.00 |
|    d. Auto | $ | 89.00 |
|    e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) **Personal Property tax** | $ | 12.25 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 439.00 |
|    b. Other | $ | 0.00 |
|    c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **See Detailed Expense Attachment** | $ | 162.25 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,138.50 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ | 4,809.01 |
| b. Average monthly expenses from Line 18 above | $ | 4,138.50 |
| c. Monthly net income (a. minus b.) | $ | 670.51 |

**B6J (Official Form 6J) (12/07)**

In re **Cedric Eugene Price**
**Catrecia Lavonya Price**
Debtor(s)

Case No. **13-73637-FJS**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - MODIFIED
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| Natural Gas | $ 82.00 |
| Cable & Internet & phone | $ 172.00 |
| Cell Phone | $ 260.00 |
| **Total Other Utility Expenditures** | **$ 514.00** |

**Other Expenditures:**

| | |
|---|---:|
| Miscellaneous Expense | $ 50.00 |
| School Supplies & Activities | $ 100.00 |
| Gerber Life Ins for children | $ 12.25 |
| **Total Other Expenditures** | **$ 162.25** |

```
Office of the U.S. Trustee
200 Granby Street, Suite 625
Norfolk, VA 23510


AAFES
c/o Thomas Shull, CEO
P.O. Box 672068
Dallas, TX 75267-2068


Bass & Associates, PC
Re:  Capital One
3936 E. Ft. Lowell Rd, Ste 200
Tucson, AZ 85712


Cash Advance
c/o Patrick O'Shaughnessy, Pre
2036 Victory Crossing
Portsmouth, VA 23702


Chase Auto Finance Corp
c/o James Dimon, CEO
P.O. Box 901076
Fort Worth, TX 76101-2076


City of Virginia Beach
Commisoner of Revenue
2401 Courthouse Drive
Virginia Beach, VA 23456


Delbert
P.O. Box 4730
Anaheim, CA 92803


DISCOVER FINANCIAL SERVICES
c/o DAVID NELMS, CEO
PO BOX 15316
WILMINGTON, DE 19850


Dominion Virginia Power
c/o Thomas F. Farrell, II, CEO
701 East Cary St.
Richmond, VA 23219
```

```
Grand Furniture Discount Store
c/o Craig L. Stein, Pres.
1305 Baker Road
Virginia Beach, VA 23455


Internal Revenue Service
Proceedings & Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service
Insolvency Section
P O Box 10025
Richmond, VA 23240


Internal Revenue Service
Insolvency Unit - Rm 898
400 N. 8th Street, Box 76
Richmond, VA 23219


Internal Revenue Service
c/o Michael Mukasey, Atty Gen
950 Pennsylvania Ave, NW
Washington, DC 20530


Internal Revenue Service
400 North 8th Street
Richmond, VA 23219


Internal Revenue Service
c/o Eric Holder
950 Pennsylvania Ave NW
Washington, DC 20530-0001


IRS, c/o Civil Process Clerk
Office of US Attorney
101 W. Main St., Ste 8000
Norfolk, VA 23510-1671


M & A Financial
c/o Art Madden, CEO
3554 N Military Hwy
Norfolk, VA 23518-5502
```

```
Military Star
C/o Thomas Schull, CEO AAFES
P.O. Box 660202
Dallas, TX 75266


Nationl Credit Adjusters
P.O. Box 3023
Hutchinson, KS 67504-9508


NAVY FEDERAL CREDIT UNION
C/O JAMES C. DAWSON, PRES.
820 FOLLIN LANE, SE
VIENNA, VA 22180


North Carolina Dept. of Rev.
P.O. Box 25000
Raleigh, NC 27640-0640


Ntelos Wireless
c/o James A. Hyde, CEO
PO Box 1990
Waynesboro, VA 22980


OneMain Financial
c/o James W. Schneider, Pres
P O Box 6042
Sioux Falls, SD 57117-6042


Plain Green Loans
93 Mack Road, Ste 600
P O Box 270
Box Elder, MT 59521


South University
2151 Old Brick Road
Glen Allen, VA 23060


Springleaf Financial Services
829 Lynnhaven Pkwy Ste 120
Virginia Beach, VA 23452


Springleaf Financial Services
c/o Jay Levine CEO
5272 Fairfield Shopping Ctr.
Virginia Beach, VA 23464-4212
```

```
United Consumer Financial
865 Bassett Road
Westlake, OH 44145


United Consumer Financial
c/o Robert Dinsmore, CEO
865 Bassett Road
Westlake, OH 44145


Verizon Communications Inc
c/o Lowell McAdam, CEO
140 West St
New York, NY 10007


Virginia Beach Public Utilitie
3500 Damn Neck Road
Virginia Beach, VA 23453


Virginia Department of Taxatio
Ken Cuccinelli, Attorney Gen
900 E. Main St
Richmond, VA 23219
```